**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:19-cr-167-J-34MCR

SANJAY LAMA

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Renewed Motion to

Reconsider Order of Detention and Continue Trial ("Motion") (Doc. 100),

Defendant's Supplement thereto (Doc. 101), Defendant's Addendum to the

Supplement (Doc. 106), and the United States' Response in Opposition thereto

("Response") (Doc. 110).  For the reasons stated herein, the Motion is **DENIED**.

### I.    Background

Defendant was arrested on September 25, 2019, and a Criminal Complaint

was filed against him on September 26, 2019 for attempted online enticement of

a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b).

(Doc. 1.)  The one-count Indictment alleges that by using facilities of interstate

commerce, namely, a cellular telephone and a computer via the internet,

Defendant, "did knowingly and willfully attempt to persuade, induce, entice, and

coerce a person whom the defendant believed had not attained the age of 18

years to engage in any sexual activity for which any person can be charged with

criminal offenses under the laws of the state of Florida, that is, the crime of lewd

or lascivious battery upon a person 12 years of age or older but less than 16 years of age, in violation of Section 800.04(4)(a), Florida Statutes," which is a violation of 18 U.S.C. § 2422(b).  (Doc. 15.)

The Government moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(A), in part because the charged offense (attempted online enticement of a minor in violation of 18 U.S.C. § 2422(b)) is a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(C).  In seeking detention, the Government relied, in part, on the rebuttable presumption set forth in 18 U.S.C. § 3142(e)(3)(E), namely, that no condition or combination of conditions would reasonably assure the safety of any other person and the community.

On October 7, 2019, the Court held a detention hearing, where the parties proceeded by way of proffer and argument.  (Doc. 21.)  The Court ordered Defendant detained pending trial after finding that he is "a risk of flight and danger to the community." (*Id.*)  In reaching this conclusion, the Court relied, *inter alia*, on the Pretrial Services Report, which was previously filed under seal pursuant to 18 U.S.C. § 3153(c)(1).  (Doc. 8.)  The Pretrial Services Report specifically addressed the danger to the community posed by Defendant and his potential risk of flight.  (*Id.*)  As the Court noted at the hearing based on information included in the Pretrial Services Report, Defendant's wife had concerns that he might flee and that he would present danger to the community if released on bond.

In the Order of Detention Pending Trial, entered on October 9, 2019 on the Government's Motion pursuant to 18 U.S.C. § 3142(f)(1), the Court found that: (1) there was a rebuttable presumption that no condition or combination of conditions would reasonably assure Defendant's appearance and the safety of the community because there was probable cause to believe that Defendant committed an offense involving a minor victim under 18 U.S.C. § 2422; (2) Defendant had not introduced sufficient evidence to rebut that presumption; and (3) Defendant's detention pending trial was warranted in light of the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, because the Government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance.  (Doc. 22 at 2.)  The Order of Detention Pending Trial listed the following reasons for detention: (1) the weight of the evidence against Defendant was strong; (2) Defendant was subject to a lengthy period of incarceration, if convicted; (3) Defendant lacked significant community or family ties to this District; (4) Defendant had significant family or other ties outside the United States[1]; and (5) Defendant would be subject to removal or deportation after serving any period of incarceration.  (*Id.* at 2-3.)

---

[1] Defendant is a citizen of Nepal.

On October 6, 2020, Defendant filed his initial motion for reconsideration of the October 9, 2019 Order of Detention Pending Trial.[2]  (Doc. 83.)  One of the attachments to that motion was a transcript of Defendant's post-arrest video-recorded interview conducted by FBI agents on September 25, 2019.  (Doc. 83-3.)  That motion substantially overlapped with the present Motion pending before the Court.  (*Compare* Doc. 83 *with* Doc. 100.)  On October 7, 2020, the Court held a hearing and orally denied Defendant's October 6, 2020 motion for reconsideration of the Order of Detention Pending Trial.  (Docs. 85, 86.)  The Court explained that contrary to Defendant's arguments, there had been no substantial change since entry of the Order of Detention Pending Trial to warrant a reconsideration of the detention issue.  The Court reiterated that, as noted in the Pretrial Services Report, Defendant's wife believed that he might flee and that he would be a danger to the community, if released on bond.

## II.    The Parties' Positions

On December 29, 2020, Defendant filed the present Motion again seeking reconsideration of the October 9, 2019 Order of Detention Pending Trial, arguing that the statutory rebuttable presumption of detention should not apply because there was no real victim, let alone a minor victim as required under 18 U.S.C. § 2422, because the person communicating with Defendant was an adult male undercover FBI agent.  (Doc. 100 at 2.)  Defendant also argues that the

---

[2] Defendant is currently housed in the Nassau County Jail.  (Doc. 100 at 7 n.3.)

Government has failed to provide any compelling evidence that Defendant *believed* he was communicating with a twelve-year-old pregnant female, which was the persona assumed by the undercover agent.  (*Id.* at 3.)  To the contrary, Defendant points to his statements at the September 25, 2019 post-arrest interview when he repeatedly reported to the FBI agents that he did not believe the person with whom he was communicating was 12 years old.  (*See* Doc. 100-1.)  Defendant asserts that the Government must prove, beyond a reasonable doubt, that Defendant believed the female with whom he was communicating was a minor.  (Doc. 100 at 3 & n.1; Doc. 75 at 4 & n.3.)

Defendant further points to several "compelling factors" showing that he is worthy of conditions of release, including his lack of criminal record, his cooperation with the FBI agents at the time of his arrest when he agreed to participate in a video-taped interview without the presence of counsel, his consent to a search of his phone, his consent to interviews with his wife and friends, and his consent to take a polygraph test.  (Doc. 100 at 4.)  Defendant adds that he is without funds to flee given his incarceration and indigent status, even though he states that he "has a couple of trusted friends, who are willing to put up the funds necessary for him to have housing, in Jacksonville, during any continuance of this case."  (*Id.*)  Defendant concludes that "[g]iven the past and anticipated future delay in getting this case tried, coupled with the reality the government does not have a strong case, it is only fair that [Defendant] be given conditions of release."  (*Id.* (emphasis omitted); *see also id.* at 2 (stating that "due

to the national pandemic, the ability of Mr. Lama to get his case tried has been compromised, for good and sufficient health reasons, and . . . continue to be compromised, which, nevertheless, act to deprive him of his liberty, pending trial").)

In his Addendum, Defendant reaffirms that the weight of the evidence militates in favor of imposing conditions of release. (Doc. 106 at 2 & n.1.) In addition, Defendant advises the Court of "a startling recent revelation" by the Government as to the age of the female depicted in the two photographs that he received during the online communications on September 25, 2019.[3] (*Id.* at 1.) Defendant explains:

> Those photographs were sent with the express purpose of representing them to be the pregnant 12 year old, which was the "persona" the undercover ("UC") FBI agent assumed. Thus, in order for Mr. Lama to "believe" he was dealing with a pregnant 12 year old, all of the components of the UC scenario had to be "believable." Chief among those components were the photographs.

(*Id.* at 2.) These photographs depict a person referred to in the Complaint as "a young looking female" and "a young female." (Doc. 1 at 6, 15.)

Defendant adds that his expert witness, Dr. Randell C. Alexander, reported that the person depicted in the photographs "appear[ed] to most likely be 16 years of age, or older." (Doc. 106 at 3; Doc. 75 at 3.) In light of Dr. Alexander's opinion, Defendant argues that the crime alleged in the Indictment would be

---

[3] These photographs are described in more detail in the Government's motion *in limine* (*see* Doc. 107 at 3) and are subject to a protective order (*see* Doc. 45).

impossible because Section 800.04(4)(a) of the Florida Statutes does not apply to children above 15 years of age.  (Doc. 106 at 3.)  As such, Defendant argues he was absolutely justified in believing that the person he was dealing with was not 12 years old.  (Doc. 75 at 5.)

Moreover, Defendant points out, the Government has recently informed him that the female in the subject photographs was 18 years old when the photographs were taken.  (Doc. 106 at 3.)  In light of this new information, Defendant argues that "the calculus of the evidence as to the believability of the UC scenario has shifted dramatically," as the Government "will be conceding to the jury this person was an adult – just like Mr. Lama told them he thought she was," and as such, "it was impossible for him to commit the charged crime."  (*Id.* at 4 (emphasis omitted).)

The Government responds that the Court correctly determined that the rebuttable presumption in favor of detention set forth in the Bail Reform Act applies in this case, even though Defendant was communicating with an adult undercover FBI agent who was pretending to be a 12-year-old pregnant minor. (Doc. 110 at 5.)  The Government explains that a defendant who attempts to coerce a perceived minor poses a comparable risk to the community and to others whether or not that perception is accurate.  (*Id.*)  The Government adds that the Court correctly determined that Defendant failed to rebut the presumption set forth in 18 U.S.C. § 3142(e)(3)(E).

Even assuming that the rebuttable presumption in favor of detention did not apply or that it had been rebutted by Defendant, the Government argues that the Order of Detention Pending Trial properly found that Defendant was a danger to the community and a flight risk.  (Doc. 110 at 8.)  According to the Government, the actual age of the person depicted in the photographs does nothing to "shift the calculus of the evidence" and certainly not for detention purposes because:

> The evidence, previously considered by this Court[,] shows [D]efendant to be a dangerous would-be child predator.  After . . . receiving photos of the "child," as well as being advised several times and acknowledging that the "child" was "underage,"[4] [D]efendant was undeterred in his desire to entice, meet, and engage in illegal sexual activity with a person whom he thought was 12 years old.  . . .  He told the "child" that he wanted to make her his "personal sex slave."
>
> In addition, [D]efendant asked to come [to] the "child's" residence to engage in illegal sexual activity while "her" grandmother was not at home, and confirmed when the grandmother will be returning.  This was a technique to isolate the "child," preventing her [from] being able to seek help or rescue if "she" changed her mind.  . . .  In the end, he acted on his criminal intent to sexually abuse the "child" by driving across town to meet "her."

(*Id.* at 8-9 (internal citations omitted).)

The Government asserts that this "strong evidence, much of which is [D]efendant's own words, proves that he presents a danger to the community" and that Defendant's "subsequent denials of guilt made during the post-arrest

---

[4] During their online conversations, Defendant texted to the "child," among other things, "U r underage," "U r almost 13," and "U r young, sounds like me little sister." (Doc. 1 at 6, 7, 11.)

interview and his fanciful excuses about this being a 'scam' are self-serving, patently unbelievable, and wholly inconsistent with his prior words and actions." (*Id.* at 10 (emphasis omitted).)  The Government adds that Defendant's family ties in Nepal, his foreign citizenship, his lack of ties to Jacksonville, his strong incentive to flee, and the available financial support from friends who are apparently willing to put up the funds necessary for him to have housing in Jacksonville, all enhance the risk of flight if Defendant were released on bond. (*Id.* at 10 & n.6.)

### III.    Standard

A judicial officer must order the pre-trial detention of a person charged with an offense if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under [18 U.S.C. § 2422]."  18 U.S.C. § 3142(e)(3)(E).

"The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community" upon the Government's motion in a case that

involves, *inter alia*, a crime of violence or a felony involving a minor victim.  18

U.S.C. § 3142(f).  "The facts the judicial officer uses to support a finding pursuant

to [18 U.S.C. § 3142(e)] that no condition or combination of conditions will

reasonably assure the safety of any other person and the community shall be

supported by clear and convincing evidence."  18 U.S.C. § 3142(f).  "The hearing

may be reopened, before or after a determination by the judicial officer, at any

time before trial if the judicial officer finds that information exists that was not

known to the movant at the time of the hearing and that has a material bearing

on the issue whether there are conditions of release that will reasonably assure

the appearance of such person as required and the safety of any other person

and the community."  *Id.*

      In determining whether there are conditions of release that will reasonably

assure the appearance of the person as required and the safety of any other

person and the community, the judicial officer shall take into account the

following four factors:

    (1)    the nature and circumstances of the offense charged,
           including whether the offense is a crime of violence, . . . or
           involves a minor victim . . . ;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including—
         (A)    the person's character, physical and mental condition,
              family ties, employment, financial resources, length of
              residence in the community, community ties, past
              conduct, history relating to drug or alcohol abuse,
              criminal history, and record concerning appearance at
              court proceedings; and

(B)     whether, at the time of the current offense or arrest, the person on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## IV.   Analysis

The Court agrees with the Government that reconsideration of the Order of Detention Pending Trial is not warranted.  First, the rebuttable presumption in favor of detention, as set forth in 18 U.S.C. § 3142(e)(3)(E), applies because there is probable cause to believe that Defendant committed an offense involving a minor victim under 18 U.S.C. § 2422.  The fact that Defendant was communicating with an adult undercover male agent, rather than with a 12-year-old pregnant female, does not change the Court's conclusion that the presumption applies, and that Defendant has failed to introduce sufficient evidence to rebut it.  *See United States v. Emmons*, 294 F. App'x 848, 851 (5th Cir. 2008) (per curiam) (affirming the district court's application of the rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e), where defendant attempted to initiate sexual acts with undercover police officers posing as minors using internet chat rooms, thereby rejecting defendant's argument raised for the first time on appeal that the rebuttable presumption should not have been applied because his crime involved agents rather than actual minors);

*United States v. Schuetz*, No. 12-mj-3046, 2012 WL 3185905, *4 (C.D. Ill. Aug. 2, 2012) (concluding that defendant was charged with a crime that "involves a minor victim" under 18 U.S.C. § 3142(f)(1)(E), even though he was not communicating with an actual minor, but with a law enforcement officer posing as a minor); *United States v. Rizzuti*, 611 F. Supp. 2d 967, 969-70 (E.D. Mo. 2009) (refusing to insert the word "actual" before the phrase "minor victim" in the Adam Walsh Act, and, thus, declining to relieve defendant of the conditions of home detention and travel restrictions under the Adam Walsh Act, where defendant communicated with an "adult law enforcement officer and not [with] a person under the age of 17 as the indictment alleges defendant believed"); *see also United States v. Beauchamp-Perez*, 822 F. Supp. 2d 7, 11 (D.C. 2011) (finding the weight of the evidence against defendant was fairly strong because, *inter alia*, "on several occasions [he] verbally confirmed his intent to have sex with a twelve year-old boy").

Also, "Section 2422 expressly includes 'attempt' activity and has been construed . . . to include conduct directed by defendants unknowingly at undercover law enforcement officers, if the defendant intended to victimize a person under the age of 18." *Rizzuti*, 611 F. Supp. 2d at 970; *see also United States v. Root*, 296 F.3d 1222, 1227 (2002) (concluding that "an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)" and stating that defendant's "belief that a minor was involved is sufficient to sustain

an attempt conviction under 18 U.S.C. § 2422(b)," even if it was impossible to commit the crime given that there was no actual victim).

Here, the Government has shown that Defendant intended to engage in sexual activity with a 12-year-old female.  While Defendant insists that he thought it was some type of a "scam" and that he did not really believe that the "child" was 12 years old, his statements during the recorded interview are inconsistent with his prior words and actions, manifesting an intent to commit a crime against a minor.  As the Government points out, Defendant confirmed several times during the online conversations that the "child" was underage and took substantial steps toward the commission of the crime by driving across town to meet "her."  (Doc. 110 at 8-9.)

Turning to the factors set forth in 18 U.S.C. § 3142(g), there is no reason to reconsider the Court's earlier finding that the Government has proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance.  As determined in the Order of Detention Pending Trial, the weight of the evidence against Defendant is strong[5]; if convicted, he is subject to a lengthy period of

_____

[5] Defendant argues that the Government's recent revelation about the age of the female depicted in the photographs received by Defendant has shifted the calculus of the evidence.  The Court is not convinced.  Even though the age of the female in the photographs was unknown to Defendant at the time of the two detention hearings, this

incarceration followed by removal or deportation; he lacks significant community and family ties to this District; and he has significant family or other ties outside the United States.  Although Defendant points to several "compelling factors" in favor of his release, including his lack of criminal record, his cooperation with the agents at the time of the arrest, his consent to a search of his phone, and his consent to take a polygraph test, the Court has already considered these factors during the two detention hearings.  While Defendant also argues that he is without funds to flee, this argument is undermined by his own statement that he "has a couple of trusted friends, who are willing to put up the funds necessary for him to have housing, in Jacksonville."  (Doc. 100 at 4.)  Therefore, based on the foregoing, Defendant has not shown adequate grounds for reopening the detention hearing or for reconsideration of the Court's Order of Detention Pending Trial.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 100**) is **DENIED**.

---

information does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community."  18 U.S.C. § 3142(f); *see also United States v. Bowens*, No. CR-07-544-2-PHX-ROS (ECV), 2007 WL 2220501, *1 (D. Ariz. July 31, 2007) (stating that defendant must show that "the new information is material to release conditions regarding flight or dangerousness").  As stated earlier, Defendant intended to engage in sexual activity with a 12-year-old female, he confirmed that the "child" was underage several times before heading to the agreed-upon location, he did not voice his purported belief that "she" sounded or looked more mature than "her" stated age during the online communications, and after his arrest he did not convincingly argue that it all appeared to be some type of a scam.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of January, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record